UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ARDRA YOUNG #260575,**

      **Plaintiff,**              **CIVIL ACTION NO. 12-CV-12751**

  vs.                               **DISTRICT JUDGE ARTHUR J. TARNOW**

                                     **MAGISTRATE JUDGE MONA K. MAJZOUB**

**LATOYA JACKSON, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ardra Young, currently a prisoner at the Carson City Correctional Facility in Carson City, Michigan, has filed this action under 42 U.S.C. § 1983, against Defendants Jackson, Jayawardena, Prison Health Services, and the Michigan Department of Corrections alleging deliberate indifference to his medical needs in violation of the Eighth Amendment of the United States Constitution. (Docket no. 1.) Plaintiff seeks $500,000 in compensatory damages, $500,000 in punitive damages, and $1,000,000 in actual damages against each Defendant. (*Id.* at 15.) Additionally, Plaintiff requests injunctive relief ordering Defendants to provide adequate medical care. (*Id.* at 16.)

Before the Court is Defendant MDOC's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (Docket no. 8.) Plaintiff filed a Response (docket no. 14) and an Amended Response (docket no. 21). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 18.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and

recommendation.[1]

## I. Recommendation

For the reasons that follow, the Court recommends granting Defendant's Motions to Dismiss. (Docket no. 8.)

## II. Report

### A. Facts

Plaintiff's claim arises out of a knee injury sustained on March 22, 2012. (Docket no. 1 at 8.) Plaintiff claims that he fell on a broken section of pavement and that Defendants Jackson and Jayawardena attended to him following his fall. (*Id.*) Plaintiff alleges that his knee hurt him continuously and that "his knee locks up without warning." (*Id.*) Plaintiff further alleges that on May 25, 2012, his knee locked up and caused him to fall down a flight of stairs; following this fall, he was against treated by Jackson and Jayawardena. (*Id.*) Plaintiff claims that Jackson admitted that she knew he was suffering "and that he will 'just have to get used to the pain.'" (*Id.* at 9.) With regard to Defendant MDOC, Plaintiff alleges that MDOC "knew or should have known that" (1) Plaintiff had a serious medical condition that required additional testing; (2) the Aspirin, Tylenol, and Motrin being prescribed was not alleviating his pain; (3) his condition posed an unacceptable risk of a fall; (4) the examination he received was insufficient; and (5) Jackson was deliberately indifferent to his serious medical needs. (*Id.* at 12-13.)

### B. Standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

**C. Analysis**

Defendant asserts that the MDOC is entitled to Eleventh Amendment immunity with respect to Plaintiff's claims. (Docket no. 8.) Plaintiff argues that his claims are for injunctive relief and, therefore, Eleventh Amendment immunity does not apply. (Docket no. 14 at 3-4.) Additionally, Plaintiff argues that sovereign immunity does not apply where "the state is alleged to have acted unconstitutionally." (Docket no. 21 at 3.)

The Court agrees with Defendant. Contrary to Plaintiff's argument, the Eleventh Amendment bars "all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," provided the state has not waived its immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.[2] *Thiokol Corp. v. Dep't of Treasury, State*

---

[2]Plaintiff's argument relies on *Vibo Corp., Inc. v. Conway*, 669 F.3d 675 (6th Cir. 2012, wherein the court stated, "A state may, however, lose sovereign immunity where the state consents to litigation, *where the state is alleged to have acted unconstitutionally*, or where Congress abrogates sovereign immunity." *Id.* at 691 (emphasis added). A broad reading of this language would imply that Plaintiff is correct. Nevertheless, the Sixth Circuit's opinion cites to *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 816 (6th Cir. 2000), where the court reiterated three longstanding bars to Eleventh Amendment immunity: "(1) when the state has consented to

*of Michigan, Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (citations omitted).  The State of Michigan has not consented to section 1983 civil rights lawsuits filed in federal court.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir .2004) (citation omitted).  And Congress has not abrogated state sovereign immunity in civil rights actions.  *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).  Consequently, Defendant's Motion to dismiss should be granted with respect to Plaintiff's claims against the MDOC.

### D.     Conclusion

Because Plaintiff's claims against Defendant MDOC are barred by sovereign immunity, the Court recommends granting Defendant's Motions to Dismiss (docket no. 8).

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2),

---

suit; (2) when the *Ex Parte Young* exception applies; and (3) when Congress has properly abrogated states' immunity."  The *Ex Parte Young* exception allows suit against state actors for injunctive relief in the case of constitutional violations, but it does not allow for suits against the state or state agencies.  *See generally*, *Ex parte Young*, 209 U.S. 123 (1908).  Nothing in *Vibo Corp., Inc.*, suggests that the Sixth Circuit intended to expand on this exception.

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  December 21, 2012               s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Douglas Benedict and Counsel of Record on this date.

Dated:  December_21, 2012               s/ Lisa C. Bartlett
                                        Case Manager