UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<span>RDRA</span> Y<span>OUNG</span>.                                              Case No.  12-12751

            P<span>LAINTIFF</span>,                          S<span>ENIOR</span> U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> J<span>UDGE</span>
v.                                                                A<span>RTHUR</span> J. T<span>ARNOW</span>

L<span>A</span>T<span>OYA</span> J<span>ACKSON, ET AL.</span>,                         M<span>AGISTRATE</span> J<span>UDGE</span> M<span>ONA</span> K. M<span>AJZOUB</span>

           D<span>EFENDANTS</span>.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [22] AND GRANTING DEFENDANT'S MOTION TO DISMISS [8]

### I. Introduction

Now before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [22], recommending that Defendant Michigan Department of Corrections' Motion to Dismiss [8] be GRANTED. Plaintiff has filed several Objections [30] to the R&R.

For the reasons stated below, Defendant's Motion to Dismiss [8] is GRANTED.

### II. Procedural Background

On June 22, 2012, Plaintiff Ardra Young, currently a prisoner at the Carson City Correctional Facility in Carson City, Michigan, filed this 42 U.S.C. § 1983 action. The Complaint [1] alleges that Defendants LaToya Jackson, Vindha Jayawardena, Michigan Department of Corrections (MDOC), and Prison Healthcare Services, Inc. acted in deliberate indifference to Plaintiff's medical needs, in violation of the Eight Amendment of the United States Constitution. Plaintiff seeks compensatory damages, punitive damages, actual damages, and injunctive relief.

On July 30, 2012, MDOC filed its Motion to Dismiss [8]. Plaintiff filed a Response [14] on August 9, 2012, and Amended Response [21] on November 13, 2012. On October 25, 2012, this Court entered an Order [18] referring all pretrial matters to the Magistrate Judge.

On December 20, 2012, the Magistrate Judge issued her Report and Recommendation [22]. Following a delay in the service of the R&R to Plaintiff, Plaintiff filed Objections [30] to the R&R on January 28, 2013.

### III. Factual Background

The R&R sets out the facts of the case in a clear fashion, and the Court adopts the facts as set out in the R&R.

### IV. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

In considering a motion to dismiss, all well-pled allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

### V. Analysis

Plaintiff objects to the Magistrate Judge's finding that the Eleventh Amendment to the United States Constitution provides Defendant MDOC absolute immunity from Plaintiff's claims. Specifically, Plaintiff argues that the Magistrate Judge misapplied *Thiokol Corp. v. Department of Treasury, Revenue Div.*, 987 F.2d 376 (6th Cir. 1993), *Johnson v. Dellatifa*, 357 F.3d 539 (6th Cir. 2004), *Hutsell v. Sayre*, 5 F.3d 996 (6th Cir. 1993), and *Kovacevich v. Kent State Univ.*, 224 F.3d 806

2

(6th Cir. 2000). Plaintiff also objects based on a reiteration of the claim that Plaintiff is entitled to injunctive relief.

First, Plaintiff argues that the Magistrate Judge failed to consider the full reach of *Thiokol*. In *Thiokol*, the court held that the Eleventh Amendment bars all claims "whether for injunctive, declaratory or monetary relief, against the state and its departments....The amendment also bars suits for monetary relief against state officials sued in their official capacity. However the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." *Thiokol*, 987 F.2d at 381 (citations omitted). Plaintiff relies on this last sentence to argue that Eleventh Amendment immunity does not shield Defendant MDOC from Plaintiff's request for injunctive relief. However, Plaintiff misreads this portion of the holding in *Thiokol* because it provides a limited exception specifically for "officials sued in their official capacity." This exception does not apply to Defendant MDOC, because Defendant is a department of the state, rather than an individual official. *See Peoples v. Michigan Dep't of Corrections*, 2000 U.S. App. LEXIS 4971, at *4 (6th Cir. Mich. Mar. 21, 2000)("When the State or one of its agencies or departments is named as the defendant in a federal suit, the Eleventh Amendment applies regardless of whether the suit seeks injunctive or monetary relief.")

Next, Plaintiff argues that *Johnson* allows Plaintiff to make a § 1983 claim against Defendant MDOC when seeking injunctive rather than monetary relief. Plaintiff points to the court's note that the plaintiff in that case "could have avoided this sovereign immunity bar by suing for injunctive or declaratory relief, or by suing the defendants in their individual, rather than official, capacities." *Johnson*, 357 F.3d at n.1. Again, Plaintiff misapplies the holding in *Johnson* to this case. *Johnson* involves a suit against an individual in their official capacity. As a state agency, Defendant MDOC does not fall into this category, and therefore *Johnson* does not effect MDOC's Eleventh Amendment immunity from suit.

3

Third, Plaintiff objects to the portion of the Magistrate Judge's recommendation that is based upon *Hutsell*. As cited in the R&R, the court in *Hutsell* holds that "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutsell*, 5 F.3d at 999 (internal quotation marks and citations omitted). Plaintiff argues that this principle is overridden by the specific holding that "[i]t is well-settled that a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Id.* Based upon this sentence, Plaintiff asserts that this Court must assess whether liability against Defendant MDOC would be paid from the state treasury in order to evaluate MDOC's Eleventh Amendment immunity. However, the court goes on to note that Eleventh Amendment immunity "turns on whether said agency or institution can be characterized as an arm or alter ego of the state, or whether it should be treated instead as a political subdivision of the state." *Id.* As in *Hutsell*, Defendant MDOC is a state agency, and is immune from Plaintiff's suit. *See Peoples*, 2000 U.S. App. LEXIS 4971, at *4 (6th Cir. Mich. Mar. 21, 2000); *see also Sanders v. Prison Health Serv.*, 2011 U.S. Dist. LEXIS 153687, at *8-13 ( E.D. Mich. Sept. 7, 2011); *Mich. Prot. & Advocacy Serv. v. Caruso*, 581 F. Supp. 2d 847, 854-857 (W.D. Mich. 2008).

Next, Plaintiff argues that the Magistrate Judge incorrectly holds that *Kovacevich* minimizes Plaintiff's reliance on *VIBO Corp. v. Conway*, 669 F.3d 675 (6th Cir. 2012). In *VIBO*, the court holds that a "state may lose sovereign immunity where the state consents to litigation, where the state is alleged to have acted unconstitutionally, or where Congress abrogates sovereign immunity." *VIBO*, 699 F.3d at 691 (*citing Kovacevich*, 224 F.3d at 817). Plaintiff asserts that Defendant MDOC has lost any immunity because of Plaintiff's allegation that MDOC acted unconstitutionally. However, as the Magistrate Judge notes, the *VIBO* court specifically cites to *Kovacevich*, which stands for the long upheld proposition that while a suit against a state actor for injunctive relief is allowed in the case of

4

a constitutional violation, suits against the state or state agencies are not permitted. *See S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) ("Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law.") Moreover, this portion of *VIBO* addresses the issue of Congressional abrogation of sovereign immunity for individual Defendants acting in their official capacity, which again is inapplicable to Defendant MDOC.

Finally, Plaintiff objects to the Magistrate Judge's R&R, arguing that Plaintiff is entitled to injunctive relief from all Defendants. However, because the Court's consideration here is limited to Defendant MDOC's Motion to Dismiss [8], and because Defendant MDOC is shielded by Eleventh Amendment immunity, Plaintiff's last objection is without merit.

## VI. Conclusion

The Court having reviewed the record in this case, the Report and Recommendation [22] of the Magistrate Judge is hereby **ADOPTED** as the findings of the Court.  Defendant MDOC's Motion to Dismiss [8] is **GRANTED** and Plaintiff's Objections [30] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to have his Emergency Motion [26] Seeking Service of the Magistrate Judge's Report and Recommendation and Enlargement of Time Mooted or Otherwise Stricken from the Court's Docket [29] now **MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 20, 2013                                  Senior United States District Judge

---

**CERTIFICATE OF SERVICE**

I hereby certify on February 28, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2013: **Ardra Young.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182