UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARDRA YOUNG,

       Plaintiff,                    CIVIL ACTION NO. 12-CV-12751

   vs.                           DISTRICT JUDGE ARTHUR J. TARNOW

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

LATOYA JACKSON, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT [41], AND MOTION TO STRIKE PENDING MOTION AND FOR LEAVE TO FILE ATTACHED AMENDED COMPLAINT [49]**

Plaintiff Ardra Young, currently a prisoner at the Carson City Correctional Facility in Carson City, Michigan, initially filed this action on June 22, 2012, under 42 U.S.C. § 1983 against Defendants LaToya Jackson, Vindha Jayawardena, the Michigan Department of Corrections, and Prison Healthcare Services, Inc., alleging that they jointly and severally violated his Eight Amendment right to be free of cruel and unusual punishment when they did not properly treat his knee following a fall. (*See* docket no. 1.) Plaintiff filed an Amended Complaint on September 28, 2012, which updated his Complaint. (*See* docket no. 16.) Defendant MDOC was dismissed from this matter on March 20, 2013. (Docket no. 31.)

Before the Court are Plaintiff's Motion to File a Second Amended Complaint (docket no. 41) filed on June 13, 2013, which seeks to add a new defendant to this matter (Raymond Booker, Warden of the Ryan Correctional Facility), and Plaintiff's Motion to Strike that Motion and, instead, file a different Second Amended Complaint (docket no. 49) filed on September 16, 2013, which

seeks to add Warden Booker as a Defendant and add an Equal Protection claim against the existing Defendants.[1] Defendants filed Responses to both of Plaintiff's Motions. (Docket nos. 42 and 54.) Plaintiff filed Replies. (Docket nos. 43 and 57.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 18.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

## I. Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences

---

[1]Also pending before the Court are Plaintiff's Motion to Compel (docket no. 47), Defendants' Motion for Summary Judgment (docket no. 52), Plaintiff's Motion to Compel (docket no. 59), and Plaintiff's Motion for Order (docket no. 62).

in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     Analysis**

In short, Plaintiff's claim centers on the care that he received after injuring his knee when he allegedly stepped into a broken section of pavement on March 22, 2012. (*See* docket no. 16 at 2.) Plaintiff alleges that he tore his meniscus and that his condition has since deteriorated. (*See id.* at 7-9.)

A review of Plaintiff's two Second Amended Complaint(s) (docket no. 41 at 5-10, and docket no. 51 at 1-5) shows that Plaintiff is attempting to add the following factual allegations:

- In December 2012, Plaintiff was examined by a specialist who determined that Plaintiff needed arthroscopic surgery on his torn meniscus;
- Plaintiff had twice-weekly physical-therapy sessions in February 2013; and
- Plaintiff's condition has deteriorated since February 28, 2013, and Defendants' response has been to "take Motrin" for the pain.

(Docket no. 41 at 7.)

In his original Second Amended Complaint, Plaintiff adds Warden Booker as a defendant by arguing that he "fail[ed] to properly maintain the sidewalks at the Ryan Correctional Facility [and thereby] created an excessive risk to safety[, which] amounted to deliberate indifference under the Eighth and Fourteenth Amendment and Gross Negligence under the Fourteenth Amendment and Michigan Law." (Docket no. 41 at 7.) Plaintiff bases his claim against Booker on his "affirmative duty to ensure the regular inspection of the facility's grounds and to ensure that department standards of safety are met." (Docket no. 41 at 8.) And in his new Second Amended Complaint, Plaintiff adds a claim against the existing Defendants, alleging that they "discriminated against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment by authorizing arthrosporic surgery for at least one other prisoner with an injury anatomically identical to Plaintiff's and refusing to authorize the same procedure for Plaintiff." (Docket no. 51 at 3.) The Court will address Plaintiff's proposed addition of Booker and his new claim against the existing Defendants in turn.

### A.     Plaintiff's Addition of Warden Booker as a Defendant

Defendants argue that allowing Plaintiff to proceed with the addition of Booker as a defendant would delay resolution in this matter and would, therefore, prejudice Defendants. (Docket no. 42 at 4.) Moreover, Defendants assert, Plaintiff's amendment with regard to Booker is futile as it fails to state a claim. (*Id.*) The Court agrees.

To the extent that Plaintiff's claim raises a question under 28 U.S.C. §1983, Plaintiff alleges that his claim against Booker is for "deliberate indifference under the Eighth Amendment." (Docket no. 41 at 7.) To support a claim of deliberate indifference under the Eight Amendment, a Plaintiff must satisfy two components–an objective component, and a subjective component. *Id.* (citing

*Harrison v. Ash*, 538 F.3d 510, 518 (6th Cir. 2008)). "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant prison official acted with a sufficiently culpable state of mind.'" *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). The objective component requires proof that "a substantial risk to [the plaintiff's] health or safety existed." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 571 (6th Cir. 2013). The subjective component requires proof that (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the [plaintiff]," (2) the official "did in fact draw that inference," and (3) the official "then disregarded that risk." *Quigley*, 707 F.3d at 681 (internal quotations omitted).

Plaintiff argues that Booker was bound by a non-delegable, affirmative duty to maintain the prison in a safe condition and that his violation of this duty amounts to deliberate indifference. (Docket no. 41 at 8.) Even assuming, *arguendo*, that the damage to the sidewalk itself presented such a substantial risk to plaintiff's safety that it meets the objective component of the deliberate-indifference inquiry, Plaintiff has provided no factual allegations to even suggest that Booker knew of the risk inherent in the damaged sidewalk let alone that Booker disregarded that risk. (*See id.* at 7-9.) Plaintiff asserts that the prison repaired approximately 300 feet of sidewalk after his fall and that "allowing such a wide swatch of sidewalk be be (sic) in such disrepair would constitute 'gross negligence' on the part of the person under an affirmative duty to maintain safe conditions on the premises." (*Id.* at 3-4.) But Plaintiff's allegation that the sidewalk was repaired only shows that the prison had knowledge of the condition of the sidewalk *after* he fell, and more importantly, this allegation is not contained in either of Plaintiff's Second Amended Complaint(s); it is only in

Plaintiff's Reply brief.  (*See* docket nos. 41, 51, and 43.)  Thus, Plaintiff's proposed amendments do not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and therefore, his Second Amended Complaint(s) would fail under Fed. R. Civ. P. 12(b)(6).  Even construing Plaintiff's Second Amended Complaint(s) liberally, Plaintiff has, at most, alleged a state-law negligence claim.[2]

### B.     Plaintiff's Additional Claim Under the Equal Protection Clause

As they did with regard to Warden Booker, Defendants argue that allowing Plaintiff to add an additional count against the existing Defendants would delay resolution in this matter and that such an amendment is futile.  (Docket no. 54 at 7-11.)  Again, the Court agrees.

---

[2]The Court will not consider Plaintiff's state-law claim under 28 U.S.C. § 1367 because Booker is not already a party to this suit and because Plaintiff's claims regarding the condition of the sidewalk do not form part of the same case or controversy as Plaintiff's claims regarding the adequacy of his medical care.  Moreover, even if the Court were to consider Plaintiff's state-law claims, Mich. Comp. Laws § 691.1407(2) provides, in relevant part that:
> a governmental agency . . . is immune from tort liability for an injury to a person . . . caused by the officer [or] employee . . . while in the course of employment . . . if all of the following are met:
>> (a) The officer . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.
>> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>> (c) The officer's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Mich. Comp. Laws § 691.1407(2).  Plaintiff acknowledges that Booker was acting within the scope of his authority in discharging (or failing to discharge) his duty to keep the prison sidewalks in a safe condition, and he acknowledges that the prison was engaged in the exercise of a governmental function.  (Docket no. 43 at 3.)  Plaintiff argues, however, that the failure to properly maintain the sidewalks was gross negligence.  (*Id.*)

MCL § 691.1407(7) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."  Like with regard to his claim of deliberate indifference, Plaintiff's Second Amended Complaint(s) are completely devoid of any factual allegation regarding the condition of the sidewalk, aside from his allegation that he fell.  (See docket nos. 41 and 51.)  Thus, his claim would fail under Fed. R. Civ. P. 12(b)(6).

> Plaintiff's sole allegation with regard to his Equal Protection claim is as follows:
>
> Defendant Corizon, acting under color of state law, has discriminated against Plaintiff in violation of the Equal Protection Clause of the Fourteenth Amendment by authorizing arthrosporic surgery for at least one other prisoner with an injury anatomically identical to Plaintiff's and refusing to authorize the same procedure for Plaintiff.

(Docket no. 51 at 3.) Although not stated in his proposed Second Amended Complaint, Plaintiff notes in his accompanying Motion that he relies on *Caruthers v. Correctional Medical Services, Inc.*, No. 10-274, 2011 WL 6402278 (W.D. Mich. Dec. 21, 2011), for the proposition that he and Caruthers are similarly situated individuals because they are both state prisoners with the same medical condition. (Docket no. 49 at 3-4.) Plaintiff then argues that Defendants violated the equal protection clause because they provided Caruthers with arthroscopic surgery and did not provide him with the same treatment. (*Id.*) Plaintiff may be correct that he and Caruthers were similarly situated and that they were treated differently. But different treatment, alone, does not rise to a Constitutional violation.

"The Equal Protection Clause provides that 'all persons similarly situated should be treated alike.'" *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Under the Equal Protection Clause, the government is prohibited from engaging in discrimination that: (1) burdens a fundamental right; (2) targets a suspect class; or (3) "intentionally treats one differently than others similarly situated *without any rational basis for the difference*." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005) (citation omitted) (emphasis added). The third prong, commonly known as a "class-of-one theory," requires a plaintiff to prove that he was intentionally treated differently from other similarly situated individuals without a rational basis for the difference in treatment. *Vill. of*

*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). A plaintiff establishes that government action lacks a rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc.*, 430 F.3d at 788 (citation omitted).

The Western District of Michigan discussed its earlier decision in *Caruthers* when another plaintiff raised a similar contention:

> The crux of Blau's objection is not that Defendants failed to treat him or failed to base their treatment regimen on sound medical judgment, but rather that the treatment itself was inadequate to relieve his knee and back pain. Blau likens his case to *Caruthers v. Correctional Medical Services, Inc.*, No. 1:10–cv–274, 2011 WL 6402278 (W.D.Mich. Dec.21, 2011), in which the plaintiff had a knee injury and was provided with crutches, a fitted knee brace, physical therapy, outside orthopedic consultation, arthroscopic surgery, postsurgery pain medication and care, and ongoing consultations. Blau objects that he has not received the same treatment. Viewing the facts in a light most favorable to Blau, in light of Blau's history of diagnosis and treatment, no reasonable trier of fact could find that Defendants were deliberately indifferent to Blau's serious medical needs. Blau has not introduced evidence to support that he was unreasonably denied treatment, misdiagnosed, or provided inadequate treatment. That the plaintiff in *Caruthers* received certain treatment for a knee injury that Blau did not receive does not support that Defendants were deliberately indifferent.

*Blau v. Prison Health Services, et al.*, 2013 WL 4829308, *4 (W.D. Mich. Sept. 10, 2013). Notably, the *Blau* court was not addressing a question under the equal-protection clause, but its analysis suggests that when two injuries are identical, a different course of treatment is not, per se, unreasonable. Here, Plaintiff has failed to even allege that Defendants had no rational basis for failing to provide him with arthroscopic knee surgery. Again, his proposed amendment contains no "factual content that allows the court to draw the reasonable inference" that Defendants had no rationale basis for the medical decision to forego surgery, and Plaintiff has not alleged that Defendants acted with animus or ill-will. Therefore, Plaintiff's proposed Second Amended

Complaint would fail to survive a motion under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Amend, [41] and [49], are **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 12, 2013         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff Ardra Young and Counsel of Record on this date.

Dated: November 12, 2013         s/ Lisa C. Bartlett
                                 Case Manager