UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>RDRA</small> Y<small>OUNG</small>.

    P<small>LAINTIFF</small>,

v.

LaT<small>OYA</small> J<small>ACKSON</small>, <small>ET AL</small>.,

    D<small>EFENDANTS</small>.

_____/

C<small>ASE</small> N<small>O</small>.  12-12751

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

M<small>AGISTRATE</small> J<small>UDGE</small> M<small>ONA</small> K. M<small>AJZOUB</small>

**ORDER ADOPTING IN PART  THE REPORT AND RECOMMENDATION [65], GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [52], AND REFERRING PLAINTIFF'S DISCOVERY MOTIONS [47], [59], AND [62] TO THE MAGISTRATE JUDGE**

Before the Court is the Magistrate Judge's Report and Recommendation [65], recommending that the Court grant Defendants LaToya Jackson, Vindha Jayawardena, and Corizon Health, Inc.'s Motion for Summary Judgment [52]. Also before the Court are Plaintiff Andra Young's Motions to Compel [47] and [59], and Motion for Order [62].

For the reasons stated below, the Court adopts the Report and Recommendation [65] in part, grants Defendants' Motion for Summary Judgment [52] as to Defendants Jackson and Jayawardena, and denies the Motion for Summary Judgment [52] without prejudice as to Defendant Corizon. The Court also refers Plaintiff's Motions to Compel [47] and [59], and Motion for Order [62] to the Magistrate Judge for full consideration.

## I. Procedural Background

On March 20, 2013, this Court entered an Order [31] granting Defendant Michigan Depart of Corrections's Motion to Dismiss [8].

On August 22, 2013, Plaintiff Young filed a Motion to Compel [47] as to Defendant Corizon.

On September 27, 2013, remaining Defendants LaToya Jackson, Vindha Jayawardena, and Corizon Health, Inc. filed their joint Motion for Summary Judgment [52].

On October 10, 2013, Plaintiff filed a second Motion to Compel [59] as to Defendant Corizon. And on October 31, 2013, Plaintiff filed a Motion for Order [62], also pertaining to discovery requested from Defendant Corizon.

On November 13, 2013, the Magistrate Judge filed the Report and Recommendation [65] now before the Court. The Magistrate Judge recommends that the Court grant Defendants' Motion for Summary Judgment [52] as to all three remaining Defendants. Based on this recommendation, the Magistrate Judge further recommends dismissing Plaintiff's discovery motions [47], [59], and [62] as moot.

On November 27, 2013, Plaintiff filed Objections [66] to the Report and Recommendation [65]. Defendants filed a Response [69] to these Objections [66] on December 9, 2013, and Plaintiff filed a Reply [71] on December 19, 2013.

## II. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

A motion for summary judgment is granted under Fed. R. Civ. P. 5(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## III. Analysis

Plaintiff makes four Objections [66] to the Report and Recommendation [65].

*Objection #1*

First, Plaintiff asserts that he has been deprived of a full and fair opportunity to

3

conduct discovery, and makes specific reference to Plaintiff's appeal of the Magistrate Judge's Order [32] granting and denying in part Plaintiff's discovery requests, and the three pending discovery motions. As discussed in further detail below, *see infra* at 9-10, the Court agrees that these pending motions should not be dismissed as moot as to Defendant Corizon. Therefore, Plaintiff's first objection is granted in so far as the pending discovery motions will later be addressed in full by the Magistrate Judge as they pertain to Defendant Corizon.

The Court notes that Defendants have responded to Plaintiff's September 28, 2012 interrogatories and requests for production of documents, and that the Magistrate Judge has ruled on all discovery motions made by Plaintiff, other than the these three pending motions.

The Court also notes that Local Rule 72.2 provides that "[w]hen an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."

*Objection #2*

Plaintiff's second objection makes two separate claims. First, Plaintiff asserts that the Magistrate Judge failed to construe the facts in a light most favorable to the Plaintiff. Specifically, Plaintiff argues that the Report and Recommendation [65] fails to consider Plaintiff's claim that medical exams conducted by Defendants Jackson and Jayawardena were so cursory and brief as to constitute deliberate indifference, and that Defendant told

4

Plaintiff to "get used" to the pain. However, while the Magistrate Judge may not have made specific note of the particular facts listed by Plaintiff within this objection, the Report and Recommendation [65] does throughly address Plaintiff's claim that the medical examinations were so cursory as to be deliberately indifferent. Specifically, the Report and Recommendation [65] details that the "relevant inquiry as to whether the defendants provided grossly inadequate care was whether a reasonable doctor...could have concluded his actions were lawful." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002)(quotation marks and citation omitted). The facts as presented in Plaintiff's second objection do not fundamentally alter the Magistrate Judge's analysis under this standard, particularly as several cursory medical exams do not overcome other evidence, such as Defendants' request for X-rays and MRIs, assessment of these diagnostics, and requests that Utilization Management refer Plaintiff to a specialist. Therefore, viewing these specific facts in a light most favorable to Plaintiff does not alter the Magistrate Judge's analysis, and the first part of Plaintiff's second objection fails.

Within this second objection, Plaintiff then points to the fact that much of the alleged treatment given to Plaintiff, and considered in the Report and Recommendation [65], occurred after the filing of Plaintiff's Complaint [1]. Plaintiff argues that the Court must consider only the treatment given to Plaintiff within the ninety days prior to his filing of the Complaint [1]. As such, Plaintiff argues that becaue much of the treatment

detailed in the Report and Recommendation [65] occurred after the Complaint [1] was filed, and Plaintiff was allowed to "languish in intractable pain" during the ninety-day period. However, Plaintiff's objection fails to mention that during this ninety-day period Plaintiff was seen by Defendant Jackson five times, Defendant Jackson ordered an X-ray be taken of Plaintiff's knee, reviewed this X-ray with Plaintiff, and Defendant Jackson ordered an MRI of Plaintiff's knee after consulting with Defendant Jayawardena. Plaintiff was transferred to a facility approximately one month after the filing of his Complaint [1]. Therefore, the majority of the treatment given by Defendants Jackson and Jayawardena and discussed in the Report and Recommendation [65] in fact did occur within the ninety-days prior to the filing of the Complaint [1]. As such, the second part of this objection is also without merit.

*Objection #3*

Plaintiff's third objection alleges that the Magistrate Judge found that Plaintiff's claims against Defendants amount to "a mere difference in opinion as to the appropriate course of medical treatment." Plaintiff then lists a series of five facts regarding his treatment. However, the Magistrate Judge did not in fact simply find that Plaintiff's claims amount to "a mere difference in opinion." Instead, the Magistrate Judge accurately summarized controlling case law, stating that "[d]ifferences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim." Moreover, the

Magistrate Judge goes on to fully assess the subjective component of the test for deliberate indifference under the Eight Amendment. The Magistrate Judge specifically found that:

> Defendants Jackson and Jayawardena went beyond this conservative treatment plan and requested that Plaintiff be permitted to meet with an orthopedic specialist. Their inability to have this less-conservative treatment plan authorized does not support Plaintiff's constitutional claims. To the contrary, Defendants Jackson and Jayawardena appear to have treated Plaintiff's knee pain to the extent of their authorization, even if such treatment was ineffective.

Based on the Magistrate Judge's thorough analysis of the law and facts surround Plaintiff's deliberate indifference claims against Defendant Jackson and Jayawardena, Plaintiff's third objection is also without merit.

*Objection #4*

Plaintiff's fourth objection asserts that the Report and Recommendation [65] fails to apply the reasonable physician standard, and that a reasonable physician would not conclude that Defendants Jackson and Jayawardena provided Plaintiff lawful treatment. Plaintiff also argues that Dr. Haverush is a reasonable physician who–after reviewing Plaintiff's medical condition–concluded that Plaintiff required a medial meniscectomy, a form of surgical treatment.

Plaintiff's fourth objections fails for several reasons. First, the Magistrate Judge did in part apply the reasonable doctor standard where appropriate. *See supra* at 6-7. Second, as Plaintiff himself notes, Dr. Haverush is an orthopedic specialist. Neither

Defendant Jackson nor Defendant Jayawardena have such medical specialization. Instead, Defendants Jackson and Jayawardena recognized the potential need for the input of a orthopedic specialist, and each separately requested that Plaintiff be permitted to meet with an orthopedic specialist. These requests were twice denied by Utilization Management. Therefore, as the Report and Recommendation [65] finds, Defendants Jackson and Jayawardena treated Plaintiff to the extent of their authorization. As such, Plaintiff's fourth objection also fails.

*Defendant Corizon*

The Report and Recommendation [65] recommends that the Court find that there is no question of fact as to whether Defendant Corizon implemented a policy, custom, or practice that led to the deprivation of Plaintiff's Eighth Amendment rights. *See Braswell v. Corr. Corp. of Am.*, 419 Fed. Appx. 622, 627 (6th Cir. 2011). As Plaintiff's first objection notes, there remain three unresolved discovery motions pending against Defendant Corizon. Given the possibility that the resolution of these motions may bolster Plaintiff's claim against Defendant Corizon, the Court denies the Motion for Summary Judgment [52] as to Defendant Corizon, and refers Plaintiff's Motions to Compel [47] and [59], and Motion for Order [62] to the Magistrate Judge for full consideration.

## IV. Conclusion

For the reasons stated above, the Court adopts the Report and Recommendation [65] in part, grants Defendants' Motion for Summary Judgment [52] as to Defendants

Jackson and Jayawardena, and denies the Motion for Summary Judgment [52] without prejudice as to Defendant Corizon. The Court also refers Plaintiff's Motions to Compel [47] and [59], and Motion for Order [62] to the Magistrate Judge for full consideration.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation [65] is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [52] is **GRANTED** as to Defendants Jackson and Jayawardena.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [52] is **DENIED WITHOUT PREJUDICE** as to Defendant Corizon.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Compel [47] and [59], and Motion for Order [62] are referred again to the Magistrate Judge.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

DATED: March 31, 2014

___

**CERTIFICATE OF SERVICE**

I hereby certify on March 31, 2014 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 31, 2014: **Ardra Young.**

s/Michael E. Lang
Case Manager to
District Judge Arthur J. Tarnow
(313) 234-5182