UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


Ardra Young,

|                  |                                      |
|------------------|--------------------------------------|
| Plaintiff,       | Case No. 12-cv-12751                 |
|                  | Hon. Judith E. Levy                  |
| v.               | Mag. Judge Mona K. Majzoub           |

LaToya Jackson, et al.,

Defendants.

_____/


## ORDER ADOPTING THE MAGISTRATE'S DENIAL [64]OF PLAINTIFF'S MOTIONS TO AMEND HIS COMPLAINT [41 & 49] AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [76]

Plaintiff Ardra Young, a prisoner at the Carson City Correctional Facility, filed this action on June 22, 2012, under 42 U.S.C. § 1983 against LaToya Jackson, Vindha Jayawardena, the Michigan Department of Corrections, and Prison Healthcare Services, Inc., alleging they violated the Eighth Amendment when they did not properly treat his knee following a fall.  (Dkt. 1).  Plaintiff filed an Amended Complaint on September 28, 2012.  (Dkt. 16).

Before the Court is plaintiff's Motion to Reconsider the Court's Order Adopting in Part the Magistrate's Report and Recommendation Partially Granting Summary Judgment. (Dkt. 76).

## A. Background

On June 13, 2013, plaintiff submitted a Motion to File a Second Amended Complaint in order to add a new defendant to the case (Warden Raymond Booker). (Dkt. 41). On September 16, 2013, plaintiff filed a Motion to Strike the Motion and, instead, filed a different Second Amended Complaint, which proposed to add the new defendant and an Equal Protection claim against the existing defendants. (Dkt. 49). On November 12, 2013, Magistrate Judge Mona K. Majzoub denied plaintiff's motions in a Report and Recommendation. (Dkt. 64). Plaintiff objected to this decision on November 26, 2013, arguing that the Magistrate erred in finding that plaintiff's proposed amendments were futile because they failed to state a claim. (Dkt. 67). The Court has not addressed this objection in any of its subsequent orders.

On March 31, 2014, Judge Arthur J. Tarnow entered an Order (Dkt. 73) adopting in part the Report and Recommendation (Dkt. 65), granting in part and denying in part defendants LaToya Jackson,

Vindha Jayawardena, and Corizon Health, Inc.'s (f/k/a Prison Healthcare Services, Inc.) Motion for Summary Judgment. (Dkt. 52). The Court granted defendants' Motion for Summary Judgment as to defendants Jackson and Jayawardena and denied the motion without prejudice as to defendant Corizon.

Plaintiff filed his Motion for Reconsideration on April 11, 2014. Plaintiff argues that the Court erred because it never addressed plaintiff's objections to the Magistrate's Report and Recommendation Denying Plaintiff's Motions to Amend.

## B. Objections to Denial of Motions to Amend

The Court first addresses plaintiff's November 2013 objections to the Magistrate's Order denying plaintiff's Motions to Amend. A denial of a motion to amend is a non-dispositive order. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. L.R. 7.1(e)(2). This Court's review of non-dispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states in relevant part: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's

order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> When a pretrial matter not dispositive of a party's claim or
> defense is referred to a magistrate judge to hear and decide,
> the magistrate judge must promptly conduct the required
> proceedings and, when appropriate, issue a written order
> stating the decision.  A party may serve and file objections to
> the order within 14 days after being served with a copy. A
> party may not assign as error a defect in the order not timely
> objected to. The district judge in the case must consider
> timely objections and modify or set aside any part of the
> order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a).

"A finding is "clearly erroneous" when although there is evidence
to support it, the reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been committed."
*United States v. Mabry,* 518 F.3d 442, 449 (6th Cir.2008) (quoting
*United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct.
525, 92 L.Ed. 746 (1948)).  The magistrate judge's legal conclusions are
reviewed under the "contrary to law" standard. *Gandee v. Glaser,* 785
F.Supp. 684, 686 (S.D.Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir.Mar.14,
1994) (Table).  The "contrary to law" standard requires this Court to
exercise "independent judgment" in determining whether the

4

magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.* at 686 (internal citations and quotation marks omitted).

The Court has carefully and thoroughly reviewed the record. The Magistrate Judge's decision is neither clearly erroneous nor contrary to law. The Magistrate Judge correctly interpreted and applied the relevant authority, including her findings that (1) adding defendant Booker to the complaint would be futile as plaintiff failed to state a claim; and (2) adding an Equal Protection clause claim would be futile as plaintiff failed to allege any facts to show that defendants had no rational basis for its treatment of plaintiff.

## C. Motion for Reconsideration

Having considered plaintiff's objections to the Magistrate's Report and Recommendation on Plaintiff's Motions to Amend, the Court denies plaintiff's Motion to Reconsider.

## D. Conclusion

For the reasons state above,

The Court REJECTS plaintiff's objections and ADOPTS the Magistrate's Order Denying Plaintiff's Motions to Amend.

Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: August 29, 2014                    s/Judith E. Levy_____
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2014.

                              s/Felicia M. Moses_____
                              FELICIA M. MOSES
                              Case Manager