UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ardra Young,

            Plaintiff,        Case No. 12-cv-12751
                                    Hon. Judith E. Levy
v.                                       Mag. Judge Mona K. Majzoub

LaToya Jackson, et al.,

            Defendants.

_____/

**OPINION AND ORDER ADOPTING THE MAGISTRATE'S REPORT & RECOMMENDATION [86] GRANTING DEFENDANT'S AMENDED RENEWED MOTION FOR SUMMARY JUDGMENT [81] AND DENYING DEFENDANT'S RENEWED MOTION FOR [80] SUMMARY JUDGMENT AS MOOT**

**&**

**ORDER DENYING PLAINTIFF'S RENEWED MOTION TO FILE AN AMENDED RESPONSE TO DEFENDANT'S AMENDED RENEWED MOTION FOR SUMMARY JUDGMENT [97]**

Plaintiff Ardra Young, a prisoner at the Carson City Correctional Facility, filed this action on June 22, 2012, under 42 U.S.C. § 1983 against LaToya Jackson, Vindha Jayawardena, the Michigan Department of Corrections ("MDOC"), and Prison Healthcare Services,

Inc., operating as Corizon Health, Inc. ("Corizon"), alleging that defendants violated the Eighth Amendment when they did not properly treat his knee following a fall. (Dkt. 1). Plaintiff filed an Amended Complaint on September 28, 2012. (Dkt. 16).

Before the Court are plaintiff's objections to the Magistrate Judge's Report and Recommendation (Dkt. 94) and plaintiff's request to file an amended response to defendant's amended renewed motion for summary judgment. (Dkt. 97).

For the reasons set forth below, the Court will ADOPT the Report and Recommendation and enter it as the findings and conclusions of this Court. Defendant's amended renewed motion for summary judgment shall accordingly be GRANTED, defendant's renewed motion for summary judgment shall be DENIED as moot, and plaintiff's renewed motion to file an amended response shall be DENIED.

I.  Factual Background

The Report and Recommendation sets out the facts of the case in a clear fashion, and the Court adopts them as they have been previously set forth.

## II. Procedural Background

This case was previously assigned to Judge Arthur J. Tarnow. On March 20, 2013, Judge Tarnow granted defendant MDOC's motion to dismiss (Dkt. 31), and on March 31, 2014, he partially granted defendants' motion for summary judgment, dismissing all claims again defendants Jackson and Jayawardena. (Dkt. 73). The claims against Corizon remained because the Court found that unresolved discovery motions against Corizon could potentially bolster plaintiff's claim that Corizon implemented a policy, custom, or practice that violated plaintiff's Eighth Amendment rights. (*Id*. at 8). These discovery issues were resolved on May 5, 2014, when Judge Tarnow ordered Corizon to respond to plaintiff's interrogatory asking defendant to state whether any state had withdrawn from or refused to renew a contract with Corizon due to Corizon's failure to provide adequate medical care to its prisoners. (Dkt. 77 at 8-9). Corizon responded to this interrogatory on May 22, 2014, stating:

> Corizon Health, Inc. ("Corizon") cannot speculate as to any reasons for a state agency and/or department withdrawing from or opting not to renew a contract. Subject to this reservation, Corizon has conducted a diligent search of its records relating to contracts between Corizon and state agencies and/or departments with which it has done

3

business over the past ten years. To the best of its knowledge, belief and information, no state agency and/or department has informed Corizon that it was withdrawing from or opting not to renew a contract with Corizon or its predecessor, Prison Healthcare Services, Inc., based on allegations that Corizon provided inadequate care to prisoners.

(Dkt. 79-1 at 2).

Defendant Corizon, the only remaining defendant in this matter, filed a renewed motion for summary judgment on June 27, 2014, and an amended renewed motion for summary judgment on June 30, 2014. (Dkts. 80 & 81). On December 4, 2014, the Magistrate Judge recommended that the Court grant defendant's amended renewed motion for summary judgment and noted that plaintiff failed to respond to defendant's motion. (Dkt. 86). The Magistrate Judge based her recommendation on the fact that, even after a period of discovery, plaintiff had failed to provide any evidence that Corizon's treatment decisions were based on an unconstitutional policy, custom, or practice. *Id.*; *see Ford v. Cnty of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).

On December 18, 2014, this Court granted plaintiff's motion to extend time to file objections to the Magistrate Judge's Report and

4

Recommendation. (Dkt. 91). Plaintiff filed his objections on January 7, 2015. (Dkt. 94).

## III. Standard of Review

District courts review *de novo* those portions of a report and recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

Objections to the report must not be overly general, such as objections that dispute the correctness of the report and recommendation but fail to specify findings believed to be in error. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006); *see also Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir.2002)).

## IV. Analysis

To find defendant Corizon liable for violations of the Eighth Amendment under § 1983, plaintiff must establish that (1) his Eighth Amendment rights were violated by a policy, custom, or practice implemented by the defendant, and (2) the plaintiff's alleged harm was caused by that policy, custom, or practice. *Starcher v. Corr. Med. Sys., Inc.*, 7 Fed.App'x. 459, 465 (6th Cir. 2001); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir.1993) (a plaintiff must identify the policy, connect the policy to the defendant and show that the particular injury was caused because of the execution of that policy).

6

Plaintiff has objected to the Magistrate Judge's Report and Recommendation based on the following grounds:

> **Objection 1:** The Report and Recommendation should be rejected in its entirety where the Magistrate Judge did not receive plaintiff's timely-filed Response to Defendant's Amended Renewed Motion for Summary Judgment.
>
> **Objection 2:** Plaintiff should be permitted to file an Amended Renewed Response to Defendant's Motion for Summary Judgment in light of the fact that the Magistrate Judge issued her [Report and Recommendation] without the benefit of Plaintiff's Response pleading.

(Dkt. 94). The Court will address these objections together as they essentially address the same substantive issue.

As previously noted, the Magistrate Judge recommended a dismissal of plaintiff's claims against defendant Corizon because plaintiff failed to meet the first requirement of showing evidence of an unconstitutional custom, policy, or procedure. (Dkt. 86 at 11-12). Prior to the issuance of this Report and Recommendation, the Court provided plaintiff with an opportunity to support his claim that Corizon's decision was based on a policy, custom, or practice by partially granting his motion to compel and ordering Corizon to respond to plaintiff's Interrogatory Number Five. Corizon's response to this interrogatory indicated that it could not find any evidence that any state had

7

previously withdrawn from or refused to renew a contract based on Corizon's failure to provide adequate medical care. (Dkt. 79-1 at 2). Accordingly, the Magistrate found that there was no evidence to support the claim that Corizon based its treatment decisions on an unconstitutional policy, custom, or practice. (Dkt. 86 at 12).

Plaintiff argues that the Magistrate Judge would have ruled differently had she seen his response to defendant's motion. The only evidence plaintiff refers to in his objections are two affidavits from other prisoners. (Dkt. 94 at 6). These affidavits allegedly show that at least two other inmates at the Carson City Correctional Facility were denied treatment for knee injuries based upon defendant's "practice of denying such [treatment] for financial considerations." (*Id*.) The first affiant claims that he had a knee injury, requested treatment, and only received ice and Ace bandages to treat his pain. (Dkt. 87 at 8-9). The second affiant claims that he made several requests for treatment of knee pain that went unanswered. (*Id.*) Even if the Court were to grant plaintiff's request to submit an amended renewed response and the Magistrate Judge had the opportunity to review these affidavits, there would still be no evidence before the Court to show that Corizon

8

engaged in an unconstitutional policy, custom, or practice because these affidavits rely on hearsay with respect to Corizon's alleged motive for denying certain treatment. Furthermore, they do not otherwise show improper treatment that supports a finding of a policy, custom, or practice that is unconstitutional because they merely allege that two inmates had knee injuries and that they were dissatisfied with the treatment they received.

Allowing plaintiff to file an amended response with this additional information would be futile.

Accordingly, for the reasons set forth above,

The Court REJECTS plaintiff's objections and ADOPTS the Magistrate's Order Granting Defendant's Amended Renewed Motion for Summary Judgment and Denying Defendant's Renewed Motion for Summary Judgment as moot.

Plaintiff's Motion to File an Amended Response to Defendant's Motion for Summary Judgment is DENIED as futile.

Plaintiff's remaining claims against defendant Corizon are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: February 23, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager