UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ardra Young,

                Plaintiff,        Case No. 12-cv-12751
                                     Hon. Judith E. Levy
v.                                        Mag. Judge Mona K. Majzoub

LaToya Jackson, Vindha
Jayawardena, Michigan
Department of Corrections, and
Corizon Health, Inc.,

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(1) [103]**

Ardra Young, a prisoner at the Carson City Correctional Facility, filed this *pro se* complaint on June 22, 2012, under 42 U.S.C. § 1983, against LaToya Jackson, Vindha Jayawardena, the Michigan Department of Corrections ("MDOC"), and Prison Healthcare Services, Inc., operating as Corizon Health, Inc. ("Corizon"). He alleges that defendants violated the Eighth Amendment when they did not properly

treat his knee following a fall. (Dkt. 1). Plaintiff filed an Amended Complaint on September 28, 2012. (Dkt. 16).

Following the filing of two dispositive motions by defendants, all but one of the defendants were dismissed from the case. (Dkt. 31 & 73.) On February 25, 2015 the Court issued an order granting summary judgment to the sole remaining defendant and dismissed the case. (Dkt 101.) Plaintiff now brings a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1). For the reasons set forth below, the Court denies plaintiff's motion.

I. Procedural Background

Following the defendants' first motion for summary judgment, the claims against Corizon survived because the Court held that there was potentially a material issue of fact. Corizon was ordered to respond to an outstanding discovery request. In particular, the Court found that responding to plaintiff's interrogatories would clarify whether Corizon implemented a policy, custom, or practice that violated plaintiff's Eighth Amendment rights. (Dkt. 73 at 8).[1]

---

[1] This case was initially assigned to Judge Arthur J. Tarnow and reassigned to this Court on May 13, 2014.

Corizon responded to plaintiff's interrogatories and subsequently filed a renewed motion for summary judgment on June 27, 2014, and an amended renewed motion for summary judgment on June 30, 2014. (Dkt. 80 & 81.) On December 4, 2014, the Magistrate Judge recommended that the Court grant defendant's amended renewed motion for summary judgment and noted that plaintiff failed to respond to defendant's motion. (Dkt. 86.) The Magistrate Judge based her recommendation on the fact that, even after the additional discovery was completed, plaintiff had failed to provide any evidence that Corizon's treatment decisions were based on an unconstitutional policy, custom, or practice. Id

On December 9, 2014, plaintiff filed a motion to file a supplemental pleading in response to the amended renewed motion for summary judgment pursuant to Fed. R. Civ. P. 15(d). (Dkt. 87.) Defendant moved to strike the motion. (Dkt. 89.) Following the Court's order granting plaintiff additional time to object to the report and recommendation, plaintiff filed his objections on January 7, 2015, along with a motion for leave to file an amended renewed response and a concurrence with defendant's motion to strike. (Dkt. 93 & 94.) On

February 3, 2015, plaintiff filed a renewed motion for leave to file an amended response to defendant's renewed motion for summary judgment. (Dkt. 97.)

On February 23, 2015, the Court issued an Opinion and Order Adopting the Magistrate's Report and Recommendation Granting Defendant's Amended Renewed Motion for Summary Judgment and Denying Defendant's Renewed Motion for Summary Judgment as Moot. The Court also denied Plaintiff's Renewed Motion to File an Amended Response to Defendant's Amended Renewed Motion for Summary Judgment. (Dkt. 101.) That order sets forth in greater detail the facts and procedural history of this lawsuit.

II. Standard of Review

Federal Rule of Civil Procedure 60(b)(1) provides the Court with the discretion to relieve a party from an order on the grounds of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has set forth two situations in which Rule 60(b)(1) may provide relief: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the

final judgment or order." *United States v. Reyes,* 307 F.3d 451, 455 (6th Cir.2002).

Rule 60(b) does not afford litigants a second chance to convince the court to rule in his or her favor by presenting a new explanation, new legal theories, or additional evidence. *See Jinks v. Allied Signal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001) (citing *Couch v. Travelers Ins. Co.,* 551 F.2d 958, 959 (5th Cir.1977)). Rule 60(b) motions are not a substitute for an appeal. *See Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989).

III. Analysis

Defendant has failed to demonstrate that the Court committed a substantive mistake of law.

Plaintiff argues that the Court made a substantive mistake of law as a result of it denying "plaintiff's motion to file a response to defendant's motion for summary judgment based on the 'futility' of the[] affidavits…" (Dkt. 103 at 4.) Plaintiff alleges the Court was mistaken in suggesting that the two affidavits from other prisoners were the only basis for his response to defendant's motion for summary judgment. On the contrary, plaintiff now says that he had a personal affidavit, more

5

than 20 additional documents, and case law in the response to defendant's amended renewed motion for summary judgment that were not received by the Court. (Id.)

Plaintiff points to *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), where a district court permitted the addition of a party to a post-judgment amended pleading while simultaneously amending the judgment. *Id.* In *Nelson*, the Supreme Court ruled that amending the judgment in such a fashion without providing the newly added defendant an opportunity to respond violated due process and Fed. R. Civ. P. 15. *Id.* at 466-67.

Here, unlike in *Nelson*, plaintiff has had ample opportunity, *after* the Magistrate Judge issued the report and recommendation, to direct the Court to the evidence he would have included in a response to defendant's motion for summary judgment. Indeed, he filed two motions seeking leave to file an amended response to defendant's motion for summary judgment, both of which only directed the Court to his January 7, 2015 objections. (Dkt. 93 & 97.) In his objections to the report and recommendation, plaintiff addressed the Magistrate Judge's failure to consider his response brief. The only substantive evidence

plaintiff cited to as grounds for rejecting the Magistrate's recommendation are the affidavits from other prisoners. Plaintiff failed to identify any of the evidence he now raises as potentially dispositive. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (objections to a report and recommendation "must be clear enough to enable the district court to discern those issues that are dispositive and contentious"); *Jinks,* 250 F.3d at 385 ("[r]ule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof"). Accordingly, the Court did not err in rejecting plaintiff's objections and adopting the report and recommendation.

Even if the Court were in error in denying plaintiff's motion to file an amended response, the error was not a substantive one. The alleged mistake here was not substantive because plaintiff's inability to respond did not drive the Court's decision. Under Rule 56, the burden of demonstrating the absence of a genuine issue of material fact rests with the moving party. "More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond." *Carver v. Bunch,* 946 F.2d 451, 454-55 (6th Cir.1991)

7

(internal citations omitted). "The trial court must intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 407 (6th Cir.1992).

The Court carefully reviewed the motion and determined that defendant met its burden for summary judgment. In relevant part, the Court described the procedural history that left this defendant in the case after a prior motion for summary judgment:

> On March 20, 2013, Judge Tarnow granted defendant MDOC's motion to dismiss (Dkt. 31), and on March 31, 2014, he partially granted defendants' motion for summary judgment, dismissing all claims again defendants Jackson and Jayawardena. (Dkt. 73). The claims against Corizon remained because the Court found that unresolved discovery motions against Corizon could potentially bolster plaintiff's claim that Corizon implemented a policy, custom, or practice that violated plaintiff's Eighth Amendment rights. (Id. at 8). These discovery issues were resolved on May 5, 2014, when Judge Tarnow ordered Corizon to respond to plaintiff's interrogatory asking defendant to state whether any state had withdrawn from or refused to renew a contract with Corizon due to Corizon's failure to provide adequate medical care to its prisoners. (Dkt. 77 at 8-9). Corizon responded to this interrogatory on May 22, 2014, stating:
>
>> Corizon Health, Inc. ("Corizon") cannot speculate as to any reasons for a state agency and/or department withdrawing from or opting not to

8

> renew a contract. Subject to this reservation, Corizon has conducted a diligent search of its records relating to contracts between Corizon and state agencies and/or departments with which it has done business over the past ten years. To the best of its knowledge, belief and information, no state agency and/or department has informed Corizon that it was withdrawing from or opting not to renew a contract with Corizon or its predecessor, Prison Healthcare Services, Inc., based on allegations that Corizon provided inadequate care to prisoners.

(Dkt. 101 at 3-4.) The response did not provide evidence to support plaintiff's claim that defendant based its treatment decisions on an unconstitutional policy, custom, or practice. Plaintiff's affidavit, additional documentation, or case law would not lead the Court to arrive at a different conclusion. The Court, thus, properly concluded, viewing the evidence in the light most favorable to plaintiff, that defendant was not engaged in a policy, custom, or practice of denying medical treatment based on financial considerations.

For the reasons set forth above,

The Court DENIES plaintiff's motion for relief from judgment because the Court did not make a substantive mistake of law.

IT IS SO ORDERED.

9

Dated: May 18, 2015         s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 18, 2015.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager